**Charles E. BONTRAGER, Petitioner-Respondent,**

v.

**Paulie C. BONTRAGER, Respondent-Appellant.**

**No. 13176.**

Missouri Court of Appeals, Southern District, Division Two.

Sept. 11, 1984.

Thomas D. Dwyer, Springfield, for respondent-appellant.

B.H. Clampett, William D. Powell, Daniel, Clampett, Rittershouse, Lilley, Dalton, Powell & Cunningham, Springfield, for petitioner-respondent.

MAUS, Presiding Judge.

This is an appeal from a judgment of the Circuit Court of Greene County in a dissolution of marriage proceeding. The wife has appealed. The parties were married on June 29, 1968. Their son was born on May 8, 1971 and their daughter was born on May 15, 1974. The marriage was dissolved on February 25, 1983. The judgment placed the two minor children in the primary custody of the husband. The wife was awarded liberal visitation and periods of temporary custody. The wife's complaint on appeal is that the trial court erred in so awarding the husband primary custody.

The wife argues that the trial court erred in not following the tender years presumption. At the time of the custody decree, the controlling statute was § 452.375.2, 1982 Mo.Laws 641. "As between the parents of a child, no preference may be given to either parent in the awarding of custody for the sole reason that the parent is the mother or the father of the child, nor be-

cause of the age or sex of the child." The trial court found that, based on the evidence, the best interests of the children would be met by awarding custody to the father. *In Re Marriage of Kuhl*, 640 S.W.2d 828 (Mo.App.1982).

The trial court found that both parents were well educated and completely devoted to their children. There is also evidence that neither parent could be denominated a perfect parent. A detailed recitation of the factual background and the unfavorable aspects of each parent would serve no purpose here. It would only serve to damage the relationship that the parties have with each other and with the children. There is evidence to support a conclusion that primary custody in the husband will better serve the development of the children. The judgment of the trial court must be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court is subject to none of these infirmities. Therefore, the judgment is affirmed in accordance with Rule 84.16(b).

HOGAN and PREWITT, JJ., concur.